MATTER OF GAGLIOTI

In Section 245 Proceedings

A-18597420

*Decided by Regional Commissioner May 1, 1974*

Applicant, a deaf mute, is not for that reason alone considered to be physically incapable of reading so as to come within the literacy requirement exemption of section 212(a)(25) of the Immigration and Nationality Act. Since he is unable to read any language and is not within any of the other classes of aliens exempt under the Act from the literacy requirement, he is inadmissible under section 212(a)(25) of the Act, and, therefore, is statutorily ineligible for adjustment of status under section 245 of the Act, as amended.

This matter is before the Regional Commissioner on certification by the District Director who denied the application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended.

The applicant is a 59-year-old single male native and citizen of Italy. He last entered the United States as a nonimmigrant visitor for pleasure April 20, 1968 and received extension of stay to June 30, 1970. Private bills to give the applicant permanent residence status were introduced in the 91st and 92nd Congresses, but failed passage.

The father of the applicant became a naturalized citizen of the United States in 1937 but the applicant was then 22 years of age, has never been lawfully admitted to the United States for permanent residence and therefore did not derive United States citizenship. His mother, a native and citizen of Italy, never resided in the United States. Both parents are now deceased. He has no close relatives in Italy. He has two sisters living in the United States, one a citizen of the United States, the other a permanent resident. A petition to accord the applicant preference under section 203(a)(5) of the Immigration and Nationality Act as the brother of a United States citizen has been approved and a visa number is immediately available to him.

The applicant is a deaf mute and is afflicted with diabetes. He is unemployed and it is unlikely that he will ever engage in gainful employment. He receives a monthly Social Security check of $105.30 as the disabled son of a United States citizen. He receives room and board at the homes of his sisters. From evidence

submitted by his two sisters and by a nephew, we believe that the applicant has affirmatively established that he will not have to earn a living (section 212(a)(7)) and that he is not likely to become a public charge (section 212(a)(15) of the Immigration and Nationality Act).

The sole remaining issue to be resolved then is whether the applicant is excludable under section 212(a)(25) of the Act which states that:

Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

Aliens (other than aliens who have been lawfully admitted for permanent residence and who are returning from a temporary visit abroad) over sixteen years of age, physicially capable of reading, who cannot read and understand some language or dialect.

The record shows that the applicant cannot read any language. To be exempt from the excluding provisions of section 212(a)(25), supra, the alien must be included in one of the following classes:

1. Any alien sixteen years of age and under (section 212(a)(25) of the Act). The applicant is 59.

2. Any alien physically incapable of reading (section 212(a)(25) of the Act). There is no showing that the applicant is physically incapable of reading. A deaf mute is not considered to be physically incapable of reading (*U.S. ex rel. Engel* v. *Tod*, 294 Fed. 820).

3. Any alien lawfully admitted for permanent residence who is returning from a temporary visit abroad (section 212(a)(25) of the Act). The applicant has never been lawfully admitted for permanent residence.

4. Any alien who is the parent, grandparent, spouse, daughter or son of an admissible alien, or of an alien lawfully admitted for permanent residence, or of a citizen of the United States, if the illiterate alien is accompanying or coming to join such relative in the United States (section 212(b)(1) of the Act). The applicant is the brother of a United States citizen and of an alien lawfully admitted for permanent residence but brothers and sisters are not included in this exemption.

5. Any alien who is seeking to enter the United States to escape religious persecution in the country of his last permanent residence (section 212(b)(2) of the Act). No such claim has been advanced by the applicant.

6. Any alien seeking entry as a nonimmigrant (section 212(d)(1) of the Act). Although the applicant entered as a nonimmigrant visitor for pleasure he now seeks immigrant status.

We are aware of the sympathetic features of the case and of the dilemma faced by the applicant's sisters in arranging for his care, but our decision is not one of discretion. The applicant is statutorily ineligible for admission as an immigrant under section 212(a)(25), supra, and therefore ineligible for adjustment of status under section 245 of the Immigration and Nationality Act. The decision of the District Director will be affirmed.

*It is ordered* that the denial of the application be and the same is hereby affirmed.